UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:24-cr-00145-SDN-1 |
| SIU SHING WONG, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On February 6, 2026, the Court issued judgment adjudicating Defendant Siu Shing Wong guilty of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349, 1344. ECF No. 36. As part of the judgment, the Court ordered that restitution be made, but deferred the determination of restitution until a future date to be determined within 90 days pursuant to 18 U.S.C. § 3664(d)(5). *See* 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."). The undefined restitution amount was to be predicated on the outstanding mortgage amount of the property underlying the bank fraud conviction after the property was sold.

Shortly before the expiration of the 90-day deadline, the parties informed the Court that the property has not yet been sold and thus the outstanding mortgage amount is still unascertained. On May 7, 2026, the parties jointly moved for the Court for an order extending the date by which the Court will issue an amended judgment ordering an exact amount of restitution in Mr. Wong's case. ECF No. 43.

1

By operation of the relevant statute, 18 U.S.C. § 3664(d)(5), when the 90-day time limit for determination of the victim's losses expires, the judgment of conviction and sentence become final. However, the Court retains the power to order restitution so long as the Court makes clear before the deadline that it will order restitution and leaves open only the amount, especially when, as here, the Defendant is aware of restitution, including the likely amount, before the deadline. *See Dolan v. United States*, 560 U.S. 605, 611 (2010). The provision for amendment granted by the statute is the preferred mechanism for revising an unascertained restitution amount. The Defendant here knows of the requirement that he pay restitution, and the maximum amount that restitution could be, but is awaiting the sale of the home to ascertain the specific loss. Nonetheless, the 90-day time limit for determination of the victim's losses expires today and so the Court must issue an amended judgment. Therefore, the Court will issue such judgment to follow that will include a blank space for the restitution amount, making clear that restitution is applicable and that it will be filled in once the mortgage payoff amount is ascertained. *See id*. at 608 (upholding district court's judgment "leaving open (for more than 90 days) only the amount").

Accordingly, the Court **DENIES** the parties' joint motion to issue a delayed amended judgment. ECF No. 43. Defendant is **ORDERED** to file a status update on the mortgage payoff amount within 30 days of this order, or within 7 days after the property is sold, whichever comes first.

**SO ORDERED.**

Dated this 8th day of May, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

2